IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES DEVON BROWN**                                           **PETITIONER**

v.                                            **CAUSE NO. 1:20CV282-LG-MTP**

**JOE ERRINGTON**                                         **RESPONDENT**

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S MOTION TO DISMISS**</u>

**BEFORE THE COURT** is the [11] Report and Recommendation of United States Magistrate Judge Michael T. Parker, as well as a [14] Motion to Dismiss filed by the petitioner, James Devon Brown. On August 31, 2020, Brown filed his petition for writ of habeas corpus based on two grounds: (1) that he was sentenced to a greater sentence than the plea bargain offered by the State of Mississippi; and (2) that his due process rights to a fast and speedy trial were violated. On July 29, 2021, Magistrate Judge Parker submitted his [11] Report and Recommendation, recommending that the petition for writ of habeas corpus be denied with prejudice. First, Magistrate Judge Parker determined that the State of Mississippi exercised its discretion in the enforcement of its habitual criminal statute in order to encourage a guilty plea. (*See* Report & Rec., at 7-8, ECF No. 11). It was also determined that there was no prejudice to Brown when the State amended its indictment to charge Brown as a habitual offender. (*See id.* at 9). Second, after applying the *Barker* factors, Magistrate Judge Parker found that Brown's claims regarding his right to a speedy trial were not violated. (*See id.* at 10-15). Brown did not file an objection, but instead submits to the Court his [14] Motion to Dismiss for

leave to proceed in the state court due to "newly discovered evidence." (Mot. to Dismiss, at 2, ECF No. 14). Brown does not explain his newly discovered evidence. The Court construes Brown's Motion to Dismiss as an Objection to the instant Report and Recommendation.

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Brown makes no argument regarding the claims submitted before the Court in his petition for writ of habeas corpus. His sole request is for the Court to dismiss his petition so he may assert "newly discovered evidence" in state court. To the extent Brown objects to Magistrate Judge Parker's Report and Recommendation based on this alleged new evidence, such a claim fails. Brown makes no showing or explanation of his alleged new evidence. *See Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014); *see also Davis v. Blackburn*, 789 F.2d 350, 352 (5th Cir. 1986). Moreover, Brown does not challenge Magistrate Judge Parker's factual findings and determination.

The Court has conducted a *de novo* review of Brown's objections to the magistrate judge's findings, the record in this case, and relevant law. For the

reasons stated in Magistrate Judge Parker's [11] Report and Recommendation, the petition for writ of habeas corpus is hereby denied with prejudice.  Brown's [14] Motion to Dismiss is further denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [11] Report and Recommendation of United States Magistrate Judge Michael T. Parker is **ADOPTED** as the finding of this Court.  Petitioner's petition for writ of habeas corpus is hereby **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [14] Motion to Dismiss filed by the petitioner, James Devon Brown, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE